KING, C.J.,
for the Court.
¶ 1. On August 27, 2003, in the Circuit Court of Choctaw .County, Dale Cole was *482 convicted in Count I, of the manufacture of methamphetamine, Count II, of the unlawful possession of precursor chemicals and in Count III, of possession of methamphetamine. He was sentenced on September 4, 2003. On Count I, he was sentenced to serve a term of twenty years, with five years suspended for five years; on Count II, he was sentenced to serve a term of fifteen years to run concurrently with the sentence in count I; on Count III, he was sentenced to serve a term of six years to run concurrently with the sentence in Count I, all to be served in the custody of the Mississippi Department of Correction. On August 18, 2003, Cole filed a motion to suppress the search warrant which was issued by Justice Court Judge William “Andy” Stephenson. The circuit court denied the motion for suppression of the evidence. Aggrieved by the circuit court’s decision, Cole appeals asserting that the trial court erred in refusing to suppress the evidence seized as the result of a warrant issued by a magistrate who was not “neutral and detached.”
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On February 22, 2003, Dale Cole was stopped by the Choctaw County Sheriff for a switched car tag. According to the sheriff, he was in the area to monitor reported drug activity in the community. Although he was unfamiliar with Dale Cole’s vehicle, he did notify dispatch to determine the owner of a blue vehicle located near the park. After determining that the vehicle displayed a tag belonging to another vehicle owned by Dale Cole, he stopped the vehicle. As the sheriff approached the stopped vehicle, Cole exited his vehicle and fled the scene. The two passengers, Ray Shearer and Renea Shu-man, were later taken into custody. Federal Bureau of Narcotics Agent Mike Perkins sought to secure the issuance of a search warrant by contacting the area justice court judge. However, Justice Court Judge Ann Bowie was unavailable due to illness. Upon attempting to contact the circuit court judges, Perkins discovered that the area circuit court judges have a policy of not issuing search warrants if they are likely to sit at trial in the matter. Subsequently, Perkins notified Judge Stephenson who came to the Choctaw County Sheriffs Department and signed the warrant. As a result of the search warrant, evidence was confiscated from Cole’s residence which resulted in his conviction.
¶ 4. Prior to April 2002, Judge Stephenson and Nancy Franklin were involved in a romantic relationship. Franklin is the mother of co-defendant Ray Shearer, who was arrested with Cole when the sheriff stopped the truck. In April 2002, Judge Stephenson and Nancy Franklin ended their romantic relationship. In November 2002, Nancy Franklin began dating Cole. According to Franklin’s testimony, one week before Thanksgiving, Judge Stephenson called and told her that Dale Cole was “a drug kingpin, a meth head, a drug dealer and a dangerous person.” Between November 2002 and February 22, 2003, Judge Stephenson had conversations with Sheriff Doug McHan and Perkins regarding Cole. On February 22, 2003, Judge Stephenson went to the home of Jane La-foy. During his visit, a conversation about helping to “catch” Cole was begun by La-foy and Shearer. Judge Stephenson reportedly, threw up his hands and said, “I’m out of this,” and walked away. At approximately 2:30 p.m., Judge Stephenson received a call from Benjie Shearer, the brother of Ray Shearer, who inquired about the arrest of his brother. Stephenson informed Benjie that he was unaware of the arrest. On February 22, 2003, at 11:30 p.m., Judge Stephenson arrived at the jail and signed the search warrant for *483 Cole’s residence. Agent Perkins provided an affidavit for the search warrant. On February 23, 2003, according to Ray Shearer, Judge Stephenson came to the jail and “jump all over him.” Shortly thereafter, Cole was arrested. On February 24, 2003, Judge Stephenson recused himself prior to the arraignment of Cole and Shearer.
STANDARD OF REVIEW
¶ 5. “Both the United States Supreme Court and [the Mississippi Supreme Court] have held that the individual issuing the warrant must be a neutral and detached magistrate.” McCommon v. State, 467 So.2d 940, 942 (Miss.1985). See also Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436, (1948).
ISSUE AND ANALYSIS
¶ 6. Cole argues that the search warrant and evidence obtained as a result of that search should have been suppressed. He contends that a reasonable person might harbor doubts about Justice Court Judge Stephenson’s impartiality in approving an application for a search warrant. Cole suggests that the basis for this reasonable doubt can be found in (1) the fact that Cole’s present girlfriend, Nancy Franklin, is the former girlfriend of Judge Stephenson, and (2) the girlfriend’s son was Cole’s co-defendant.
¶ 7. Judge Stephenson acknowledged that Franklin was indeed his ex-girlfriend and the current girlfriend of Cole. He testified that he had contacted Franklin to warn her that Cole was a ‘‘drug kingpin.” He acknowledged that he relayed this information to her based on the belief that it was true. Given these circumstances, it certainly would have been preferred that some other judge approve the search warrant. However, Judge Stephenson also testified that he was contacted by Perkins to issue the warrant because Judge Bowie was unable to do so because of her illness and in that area circuit court judges were unable to sign due to the likelihood that they would sit as trial judges in the matters.
¶ 8. Cole does not contest whether there was sufficient evidence to justify the issuance of a search warrant. But beyond Cole’s failure to contest whether sufficient evidence existed to justify issuance of the search warrant, we note that a suppression hearing was held before a neutral and detached magistrate, Judge Joseph Loper. Judge Loper found that a sufficient evi-dentiary foundation existed to have justified issuance of the search warrant.
¶ 9. This Court, having reviewed the affidavit for a search warrant and the record of the suppression hearing, believes that there was put forth sufficient information which would justify the issuance of a search warrant. Based on the totality of the circumstances surrounding the issuance of the search warrant, this Court does not find that the actions of Judge Stephenson to be reversible.
¶ 10. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT OF CONVICTION IN COUNT I, OF THE MANUFACTURE OF METHAMPHETAMINE, SENTENCE OF TWENTY YEARS, WITH FIVE YEARS SUSPENDED FOR A PERIOD OF FIVE YEARS; COUNT II, UNLAWFUL POSSESSION OF PRECURSOR CHEMICALS, WITH A SENTENCE OF FIFTEEN YEARS TO RUN CONCURRENTLY WITH COUNT I; IN COUNT III, POSSESSION OF METHAMPHETAMINE AND SENTENCE OF SIX YEARS TO RUN CONCURRENTLY WITH COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL *484 COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.